IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 9:08-CR-5(1) |
| | § | |
| JOHNNY RUSH | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed September 25, 2013, alleging that the Defendant, Johnny Rush, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Original Conviction and Sentence**

The Defendant was sentenced on May 21, 2009, before the Honorable Thad Heartfield, United States District Judge for the Eastern District of Texas, after pleading guilty to the offense of possession of child pornography, a Class C felony. The offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of I, was 37 to 46 months. The Defendant was sentenced to 37 months' imprisonment, followed by 5 years of supervised release subject to the standard conditions of release, plus special conditions to include: sex offender treatment, no access to the

internet, no cellular devices with photographic ability, no contact with minors, no accessing, possessing, or viewing sexually explicit materials.

## II. The Period of Supervision

On January 26, 2012, Johnny Rush completed his period of imprisonment and began serving his term of supervised release.

## III. The Petition

United States Probation filed the instant Petition for Warrant for Offender Under Supervision alleging five violations: 1) during his polygraph examination on September 23, 2013, Rush admitted that he possessed ammunition, 2) Rush has not been truthful with the U.S. Probation Office on multiple occasions with regards to questions related to viewing pornography, 3) Rush failed to follow rules and conditions at Van Zandt Community Counseling, by viewing pornography on several occasions, and was unsuccessfully discharged from group counseling due to his recent deception on polygraph examinations, 4) on September 23, 2013, Rush admitted that in July 2013, he viewed approximately 35 sexually explicit images on a cellular telephone and five of the images possibly involved children; he reported this occurred on three separate occasions, and 5) on September 23, 2013, in addition to the sexually explicit photographs described in allegation four, Rush found magazines with sexually explicit images while cleaning out a trailer house.

## IV. Proceedings

On November 5, 2013, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the third allegation, which asserted that he violated a special condition of supervised release, to wit: under the guidance and direction of the U.S. Probation Office, the defendant shall participate in a sex offender treatment program that may include the application of physiological testing instruments, and pay any cost associated with treatment and testing.

The undersigned recommends that the court revoke the Defendant's supervised release and impose a sentence of seven (7) months' imprisonment followed by three years (3) of supervised release, which shall include 180 days of community confinement.

## V. Principles of Analysis

If the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant violated a condition of supervised release, it may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3). The original offense of conviction was a Class C felony; therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that the Defendant violated a condition of supervision being unsuccessfully discharged from sex offender treatment, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of

supervision. In the case of a revocation of supervised release based on a Grade C violation and a criminal history category of I, the guideline imprisonment range is 3 to 9 months.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

According to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. The authorized term of supervised release for this offense is not more than Life. The undersigned recommends that the Defendant serve a term of three (3) years of supervised release.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking

      supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. 3553(a)(4); <u>see</u> <u>also</u> 28 U.S.C. § 924(A)(3);

4.     Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. § 3553(a)(5); and

5.     The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; <u>see</u> 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the allegation that he violated his conditions of supervised release by being unsuccessfully discharged from sex offender treatment. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and his criminal history category is I. Policy guidelines suggest 3 to 9 months' imprisonment. The Defendant did not comply with the conditions of his supervision, and he has demonstrated an unwillingness to adhere to conditions of supervision by using a controlled substance. As such, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a sentence of 7 months' imprisonment followed by 3 years' supervised release, which includes 180 days of community confinement.

## VII. Recommendations

1. The court should find that the Defendant violated a special condition of supervised release by being unsuccessfully discharged from sex offender treatment.

2. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583; and

3. The Defendant should be sentenced to a term of seven (7) months' imprisonment followed by three (3) years of supervised release, which includes 180 days of community confinement.

4. The Defendant has requested to serve his term of imprisonment at the Federal Correctional Complex (FCC) in Seagoville, Texas, to facilitate family visitation. The court should recommend that facility if deemed appropriate by the Bureau of Prisons.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 6th day of November, 2013.

_____
Zack Hawthorn
United States Magistrate Judge